UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:17-cr-00032-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WILLIAM TIMOTHY SUTTON, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Defendant William Sutton's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). [R. 181.] For the reasons that follow, Mr. Sutton's Motion is **DENIED**.

**I**

On June 1, 2018, Sutton was convicted after trial by jury on four counts of murder for hire and one count of being a felon in possession of a firearm. [R. 88.] Sutton was sentenced to a total term of imprisonment of 360 months, to be followed by three years of supervised release. *Id*. Sutton has previously filed a Motion for Compassionate Release, [R. 160], that this Court denied. [R. 167.] The Sixth Circuit then affirmed this Court's decision. [R. 172.] Sutton again filed a Motion for Compassionate Release, [R. 175], that this Court denied without prejudice as Sutton had not exhausted his administrative remedies. [R. 180.] Sutton filed the instant Motion for Compassionate Release on January 10, 2025, [R. 181], followed by a Motion to Amend some errors made in his recent compassionate release request. [R. 184.]

## II

### A

First, the Court addresses the exhaustion requirement.  *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).  The First Step Act altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for a sentence reduction, whereas previously only the Bureau of Prisons could do so.  Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194.  But a defendant must first demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("[D]efendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").

The Government recognizes that Sutton exhausted his administrative remedies.  [R. 186 at 3.]  Sutton submitted a request for compassionate release to the warden through a hard copy on November 25, 2024, and an electronic copy on November 26, 2024, to which he has not received a response.  *Id*.  Sutton sent a separate request to the warden in October 2024 and the warden denied this request on or about November 27, 2024.  *Id*.  Sutton's Motion for Compassionate Release was filed on January 10, 2025.  [R. 181.]  The matter having been fully briefed is now ripe for review.

### B

#### 1

Under the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not mandatory."  *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).  At the Court's

discretion, § 3582 allows for modification of a term of imprisonment if the following substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction in sentence; (2) a finding that the reduction in sentence is consistent with applicable Sentencing Commission policy statements; and (3) a finding that applicable 18 U.S.C. § 3553(a) factors support release. *Id*. at 1107-08.

Sutton first contends that he is entitled to relief on account of various ongoing and debilitating health problems. [R. 181-3.] Sutton first points to his age and deteriorating health, but also to injuries sustained while in prison in 2023. *Id*. at 2 ("my skull was fractured, 7 ribs were broken, my sternum was broken, vertebre [sic] in my back and neck were broken, my bones in both of my hands and both of my feet were broken, and my stomach and intestines were perforated, my ear drum was ruptured, along with other internal injuries"). While the Court is sympathetic to Sutton's health difficulties, and prison violence is emphatically unacceptable, these do not rise to the level of "extraordinary and compelling" reasons to provide him the relief he seeks. Sutton is not currently suffering from any terminal illnesses, and while he suggests that he is receiving inadequate medical care, that claim appears to be reliant on his own medical diagnosis and is unsupported by his medical records. Sutton admittedly submits a "Instrumental Activities of Daily Living" form and a "Physical Self-Maintenance Scale," both completed by a Nurse Practitioner, that indicate he has some difficulties in accomplishing self-care while incarcerated, [R. 191-1], but, taken together, Sutton's health conditions are not an "extraordinary and compelling" reason under § 3582(c)(1)(A).

Sutton also contends that he was the victim of physical abuse committed at the direction of a correctional officer pursuant to 1B1.13(b)(4). The relevant provision makes clear that the accused misconduct "must be established by a conviction in a criminal case, a finding or

admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." U.S.S.G. § 1B1.13(b)(4). No such finding has been made here. Relatedly he suggests that, pursuant to U.S.S.G. § 1B1.13(b)(5), there are other reasons for the Court to consider this motion for compassionate release which includes his allegation that the BOP has failed to protect him while incarcerated and, as such, he has received cruel and unusual punishment. [R. 181-3 at 5-6.] At this point the record is bereft of evidence to support these assertions. Even taking Sutton's unsubstantiated allegations together, the Sixth Circuit has emphasized that aggregating insufficient grounds for release "does not collectively 'entitle a defendant to a sentence reduction.'" *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021) (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021)).

Sutton further suggests that he received an unusually long sentence. [R. 181-3 at 6-8.] It is not clear how he reaches that conclusion. Sutton received a below-guideline sentence and has previously appealed his conviction to the Sixth Circuit, which they affirmed. [R. 113.] This Court also recently assessed Amendment 821 and its impact on Sutton's case but determined that "his amended guidelines range of 600 months imprisonment is identical to his original guidelines range," and thus denied any motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). [R. 185.] Sutton appears to suggest that his sentence was improper because "counts one, two, three, and four are multiplicitous [sic], because they charge the same conduct in four seperate [sic] counts," and the underlying facts of his conviction were not all that serious. [R. 181-3 at 6-8.] These arguments are not properly before the Court on the instant compassionate release motion.

4

**2**

Even if Sutton could demonstrate that there were extraordinary and compelling reasons for his release – which he has not – he would also need to show that the 18 U.S.C. § 3553(a) sentencing factors support his release. *Jones*, 980 F.3d at 1106. They do not. Sutton was convicted of an extremely serious crime – murder for hire – by a jury of his peers. As the Court emphasized in its denial of Sutton's prior compassionate release motion, "[n]ot only did Mr. Sutton actively seek the death of four people, including two state prosecutors, but he also indicated that 'he wanted the women to suffer and wanted the killer to humiliate them in the process.'" [R. 167 at 6.] Since that time Sutton has repeatedly, even in his most recent motion, downplayed the seriousness of his offense. And, to head off the superficially plausible argument that Sutton's prison injuries suggest he is now less of a danger to society, the Court notes that his original offense involved hiring others to do the dirty work for him. The need to protect others, to provide for adequate deterrence of criminal conduct, and to provide a just punishment requires Sutton to remain incarcerated.

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Sutton's Motion for Compassionate Release **[R. 181]** is **DENIED**;

2. Mr. Sutton's Motion to Amend **[R. 184]** is **GRANTED**; and

3. The Government's Motion to Seal **[R. 187]** is **GRANTED**.

This the 18th day of March, 2025.

Gregory F. Van Tatenhove
United States District Judge

5

6